IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Angela Wolgamott, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-3970-JRS-TAB |
| | ) |
| Midwest Recovery Systems, a Missouri limited liability company, | ) ) |
| | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.    Parties and Representatives**

  A. Plaintiff:  Angela Wolgamott.

    Defendant: Midwest Recovery Systems, LLC.

  B. Plaintiff's Counsel:  David J. Philipps (Ill. Bar No. 06196285)
            Mary E. Philipps (Ill. Bar No. 06197113)
            Angie K. Robertson (Ill. Bar No. 06302858)
            Philipps & Philipps, Ltd.
            9760 S. Roberts Road, Suite One
            Palos Hills, Illinois 60465
            (708) 974-2900
            (708) 974-2907 (FAX)
            davephilipps@aol.com

            John T. Steinkamp  (Ind. Bar No. 19891-49)
            John T. Steinkamp & Associates
            5214 S. East Street
            Suite D1
            Indianapolis, Indiana 46227
            (317) 780-8300
            (317) 217-1320 (FAX)
            john@johnsteinkampandassociates.com

Defendant's Counsel:  Boyd W. Gentry (OH# 007157)
            Law Office of Boyd W. Gentry, LLC
            4031 Colonel Glenn Highway
            First Floor

Beavercreek, Ohio 45431
(937) 839-2881
(800) 839-5843 (FAX)
bgentry@boydgentrylaw.com

## II.     Synopsis of Case

A.     The parties agree that this Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and U.S.C. § 1331.

B.     Plaintiff's:  Due to financial difficulties, Ms. Wolgamott was unable to pay her debts, including a debt she allegedly owed to a payday lender. Defendant Midwest attempted to collect this debt from her via a negative credit report. Not knowing who Defendant Midwest was, and unsure of the amount of the debt, Ms. Wolgamott had her attorney write to Defendant Midwest, via a letter dated April 16, 2019, to dispute the debt Midwest was trying to collect.  On August 13, 2019, Ms. Wolgamott obtained and reviewed a copy of her Experian credit report, which showed that Defendant Midwest had continued to report the debt, but had failed to note that the debt was disputed.

Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading statements, in violation of § 1692e(8) of the FDCPA, and used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

Defendant's violations of the FDCPA renders it liable for actual and statutory damages, together with attorneys' fees and costs. See, 15 U.S.C. § 1692(k).

C.     Defendant's: The letter from Sawin, Shea & Steinkamp LLC which attempted to communicate a dispute referenced Angela Wolgamott at 1521 Hiatt Street, Indianapolis, Indiana 46221. MRS does not have an account under that name or

address. Because the information in the dispute letter did not match any information on file with MRS, MRS had no way to mark a particular account as disputed. Here, MRS has written procedures in place that are reasonably adapted to avoid this error. Thus, MRS has a good bona fide error defense in this case, if there was a violation at all.

### III.     **Pretrial Pleadings and Disclosures**

A. Defendant was served with Plaintiff's initial disclosures on October 16, 2019. And after holding a FRCP Rule 16 and Rule 26 conference were served with Plaintiff's written discovery requests (document request and interrogatories) on November 21, 2019. The Defendant shall serve its Fed. R. Civ. P. 26 initial disclosures on or before December 2, 2019 and will respond to Plaintiff's discovery requests by December 23, 2019.

B. Plaintiff shall file preliminary witness and exhibit lists on or before December 2, 2019.

C. Defendant shall file preliminary witness and exhibit lists on or before December 16, 2019.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before February 19, 2020.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before January 20, 2020. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 21, 2020. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)2) on or before October 19, 2020; or if Plaintiff has disclosed no experts, Defendant shall make their expert disclosure on or before October 19, 2020.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for

      efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than January 19, 2021. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I.     All parties shall file and serve their final witness and exhibit lists on or before November 19, 2020. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     The parties have discussed preservation and disclosures of electronically stored discovery information, including a timetable for making the materials available to the opposing party, and believe that none is at issue in this case. However, absent good cause shown, any electronically stored discovery shall be produced in PDF format. In the event that a document is protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff believes that summary judgment is appropriate because the collection action violate the plain language of the FDCPA. see, Evans v. Portfolio Associates, 889 F.3d 337 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

Defendant believes that summary judgment is appropriate because the name and address in the purported dispute letter did not match any information in Defendant's possession.  Defendant expects no dispute on those facts. Alternatively, the bona fide error defense may be appropriate on summary judgment as Defendant maintains reasonable procedures to avoid the alleged error.

B.   On or before July 27, 2020, and consistent with the certification provision of Fed. R. Civ. P. 11 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

C.      Select the track that best suits this case:

____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are note anticipated].

_x_ Track 2: Dispositive motions are expected and shall be filed by September 21, 2020; non-expert witness discovery and discovery relating to liability issues shall be completed by July 20, 2020; expert witness discovery and discovery relating to damages shall be completed by October 19, 2020. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.**    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in _____[month/year].**

The parties are currently exploring the possibility of settlement without the Court's involvement. However, if the parties are not successful in their efforts, and if it seems that a conference with the Court may be appropriate and effective, the parties will contact the Court's staff to request a conference.

**VI.**    **Trial Date**

The parties request a trial date in March, 2021. The trial is by jury and is anticipated to take 1-2 days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially

scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

The parties have selected Track 2 so as to provide time to resolve anticipated motions for summary judgment.

**VII.  Referral to Magistrate Judge**

    A. **Case.**  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

    B. **Motions.**  At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including motions.

**VIII.  Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

        1. File a list of witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

           a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary

          will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.**   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**   <u>**Other Matters**</u>

None.

Respectfully submitted,

One of Plaintiff's Attorneys
/s/ David J. Philipps_____

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com


One of Defendant's Attorneys
/s/ Boyd W. Gentry    _____

Boyd W. Gentry     (OH# 007157)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
(937) 839-2881
(800) 839-5843 (FAX)
bgentry@boydgentrylaw.com

**************************************************************************
_____        PARTIES APPEARED IN PERSON/BY COUNSEL ON _____
                    FOR A PRETRIAL/STATUS CONFERENCE.

_____        APPROVED AS SUBMITTED.

_____        APPROVED AS AMENDED.

_____        APPROVED AS AMENDED PER SEPARATE ORDER.

_____        APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____        APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____        THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____   .M., ROOM _____.

_____        A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____   .M.  COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____.

_____        DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated: November \_\_, 2019

_____
U. S. District Court
Southern District of Indiana

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2019, a copy of the foregoing **Case Management Plan** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Boyd W. Gentry | bgentry@boydgentrylaw.com |
| Law Office of Boyd W. Gentry, LLC | |
| 4031 Colonel Glenn Highway | |
| First Floor | |
| Beavercreek, Ohio 45431 | |
| | |
| John T. Steinkamp | john@johnsteinkampandassociates.com |
| John T. Steinkamp & Associates | |
| 5214 S. East Street | |
| Suite D1 | |
| Indianapolis, Indiana 46227 | |

/s/David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com